IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS P. GRANDINETTI, #A0185087, | ) ) ) | NO. 1:12-cv-00430 HG/BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT AND ACTION |
| vs. | ) ) | |
| U.S. ATTORNEY GENERAL, PRESIDENT OF THE UNITED STATES, U.S. DEPT. OF JUSTICE, U.S. DEPT. OF DEFENSE, U.S. AGENCIES DOE, DOHLS, DHHS, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING COMPLAINT AND ACTION**

Plaintiff Francis P. Grandinetti, a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed a *pro se* prisoner civil rights action in this court that he titles "Petitioner's Agency-Appeal in Federal Court." Compl., ECF #1. Plaintiff apparently files this suit because he wants to "renew his federal identification, for 1986-2012." *Id.* at 2. He has not submitted an *in forma pauperis* application nor paid the $350 statutory filing fee.

**I. "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

>       frivolous, malicious, or fails to state a
>       claim upon which relief may be granted,
>       unless the prisoner is under imminent danger
>       of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Grandinetti is well acquainted with the federal courts, having filed over 150 federal civil actions and appeals since 1995. *See* PACER Case Locator, http://pacer.psc.uscourts.gov. At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) *Grandinetti v. U.S. Marshals Serv.*, 1:00-cv-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001);

(2) *Grandinetti v. Bobby Ross Group Inc., et al.*, 1:96-cv-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); and

(3) *Grandinetti v. Iranon, et al.*, 1:96-cv-00101 (E.D. Tex., § 1983 case dismissed as

>frivolous and for failure to state a claim on
>Jan. 26, 1998).[1]

Therefore, Grandinetti may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. **Imminent Danger**

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time" *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception

---

[1] The court has notified Grandinetti regarding these strikes and many others in his earlier actions. *See e.g.*, *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS; *Grandinetti v. Stampfle*, 1:05-cv-00692 HG. Grandinetti did not seek reconsideration in either of these cases, failed to perfect his appeal in 1:05-cv-00442 JMS, and never filed appealed in 1:05-cv-00692 HG. Thus, Grandinetti had the opportunity to object to the court's three-strikes findings when these orders were issued or on appeal. Further, he has filed at least sixty appeals and is clearly aware of how to appeal with which he disagrees.

applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.  Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Grandinetti's Complaint is rambling, disconnected, and incoherent.  He claims that he is military dependent and has been on "federal-exile and federal detention status from the federal venues of Hawaii and New York since 1995.  Compl., ECF #1 at 4. Plaintiff gives few details, but is apparently challenging the conditions of his confinement in various unspecified prisons and seeks new government issued identification.  Grandinetti's fanciful and irrational allegations do not support a finding that he is in imminent danger of serious physical injury.  Grandinetti may not, therefore, proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).  Moreover, the Complaint "lacks an arguable basis either in law or in fact," and must be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2).  *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Accordingly, the Complaint and action are DISMISSED without prejudice.  If Grandinetti wishes to reassert these

claims in the future, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action. The Clerk shall close the case.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 10, 2012.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Grandinetti v. U.S. Atty. General, et al.*, 1:12-cv-00430 HG/BMK; ORDER DISMISSING COMPLAINT AND ACTION; psas\3 Strikes Ords\dmp 2012\Grandinetti 12-430 HG (1915(G) & friv)